WALTER HARRIS, PLAINTIFF, v. DAVID KAPLAN AND HARRY D. GRIFFITH, DEFENDANTS.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Edwards, Smith & Dawson* (*Edwin F. Smith* and *Andrew O. Wittreich,* of counsel).

*Contra, Anschelewitz, Frankel & Barr* (*William Hartshorne,* of counsel).

PER CURIAM.

This is the defendant Griffith's rule to show cause why plaintiff's verdict for $2,500 should not be set aside as to damages only.

The testimony upon the part of the plaintiff reasonably tended to show that plaintiff, Harris, on July 28th, 1929, was traveling on a motorcycle from New York to Asbury Park on the state highway through Red Bank and was following an automobile owned and driven by defendant Kaplan; that they were on Wyckoff Place which runs on an angle from the Maple avenue part of the state highway to the Broad street part; that the visibility was good; that while thus proceeding in a southerly direction on Wyckoff Place behind Kaplan, the automobile of Griffith, going north,

turned out of Broad street into Wyckoff Place, going at a high rate of speed, and after having paused somewhat, proceeded northerly on Wyckoff Place and pulled directly in front of the automobile of Kaplan on his, Griffith's, wrong side of the road; that Griffith then tried to get out of the way of Kaplan's car by pulling to his right and thereby brought the left side of his automobile in contact with the left front of the Kaplan car; that the resulting crash brought the automobile of Kaplan into sharp contact with the motorcycle upon which the plaintiff was riding, the force of this impact driving the handlebar of the motorcycle against the side of the plaintiff, breaking his rib and injuring him.

Plaintiff brought this suit against both defendants. The jury placed the liability upon the defendant Griffith and rendered a verdict against Griffith of $2,500 and found a verdict in favor of Kaplan of no cause of action.

As we read the proofs the foregoing statement of facts is overwhelmingly supported by the evidence.

The defendant Griffith writes down three reasons for a new trial: (1) that the verdict was against the weight of the evidence; (2) that the verdict was contrary to law; and (3) that the damages awarded by the jury are excessive.

We turn now to the damages awarded by the jury. The verdict was for $2,500. We are not satisfied that the verdict is excessive. Plaintiff claimed for damages resulting from personal injuries and also for the loss of his motorcycle. The evidence tended to show, and was uncontradicted, that the motorcycle was so damaged as to render it practically worthless. The plaintiff's injuries were what may well be called serious, and up to the time of the trial, which was September 10th, 1930, he had not fully recovered therefrom. It was undisputed that his rib was broken; that he suffered severely for three weeks and was unable to resume his usual occupation for a period of four months; that thereafter he was much disturbed with headaches, pain in his side, back and shoulder. He was a young man and theretofore had had employment under contract as a chauffeur, and had theretofore been well and strong.

The evidence as to his earnings is not perfectly clear, but undoubtedly his average earnings prior to the accident amounted to $40 a week, and the jury might have found from the evidence that they amounted to $80 a week. His expenses for doctors and X-rays amounted to $72; the proved loss for his motorcycle was $450. Considering his wages lost, and what would be reasonable compensation for his pain and suffering and future discomfort or disability, it seems reasonably certain that his verdict of $2,500 cannot be said to be excessive.

And upon the whole case we think the verdict cannot be said to be against the weight of the evidence, either upon the question of negligence of the defendant or upon the alleged contributory negligence of the plaintiff, and that the verdict is not contrary to law.

The rule will be discharged, with costs.